KENT W. EPPERSON
Email: KentWEpperson@proton.me
322 Pebble Beach Drive
Goleta, CA 93117
Telephone: 805.895.6589
Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **KENT W. EPPERSON,**<br>    **Plaintiff,**<br><br>    **vs.**<br><br>**SANTA BARBARA COUNTY**<br>**ASSOCIATION OF GOVERNMENTS**<br>**("SBCAG"),**<br>    **Defendant.** | **Case No. 2:23-cv-03039-AB-(JCx)**<br><br>**PLAINTIFF'S OPPOSITION TO**<br>**DEFENDANT'S MOTION SEEKING LEGAL**<br>**FEES INCURRED RESPONDING TO**<br>**PLAINTIFF'S EX PARTE APPLICATION**<br>**TO EXTEND DISCOVERY DEADLINES**<br>**DATED NOVEMBER 20, 2024**<br><br><br>**Judge:** Honorable Andre Birotte Jr.<br>**Courtroom No.:** 7B<br>**Hearing Date:** January 24, 2025<br>**Hearing Time:** 10:00 am<br>**Pre-Trial Conf:** August 1, 2025<br>**Trial Date:** August 26, 2025 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION SEEKING LEGAL FEES INCURRED RESPONDING TO PLAINTIFF'S EX PARTE APPLICATION TO EXTEND DISCOVERY DEADLINES DATED NOVEMBER 20, 2024**

### I. INTRODUCTION

Plaintiff, Kent W. Epperson, respectfully submits this opposition to Defendant's motion seeking legal fees incurred in responding to Plaintiff's Ex Parte application to extend discovery deadlines. While Plaintiff acknowledges a misunderstanding regarding the discovery deadlines, the Ex Parte application was made in good faith and was necessitated by Defendant's lack of cooperation in the discovery process. Plaintiff's concern regarding the discovery deadlines was exacerbated by Defendants premature Motion for Summary Judgement, as was noted by Honorable Judge Andre Birotte Jr. in his ruling dated December 11, 2024.

Defendant did not raise any issues over Plaintiff's misunderstanding of the written discovery cut-off deadline at the November 4, 2024 meet and confer, nor did Defendant object to the stated deadlines in its opposition to the Ex Parte Application. This seems to indicate that Defendant also believed the earlier deadlines were correct. If Defendant had raised that issue at the meet and confer, Plaintiff would not have filed an Ex Parte Application. Therefore, Defendant shares some responsibility for the misunderstanding. As a pro se litigant, Plaintiff humbly requests the Court's understanding and leniency in this matter.

### II. FACTUAL BACKGROUND

**Misunderstanding of Deadlines:** Plaintiff acknowledges a misunderstanding regarding the discovery deadlines. The Joint

1   26(f) Report included proposed deadlines, which Plaintiff

2   mistakenly believed were set by the Court. The Court's actual

3   deadline for non-expert discovery is February 10, 2025. Defendant

4   had two opportunities to correct Plaintiff's misunderstanding

5   regarding the deadlines, once in an email on October 29, 2024,

6   where Plaintiff further explained his concern over the deadlines,

7   and another during the November 4, 2024 meet and confer when the

8   discovery extension was being discussed. Defendant did not

9   correct this misunderstanding, nor did they object to the stated

10  deadlines in their opposition to the Ex Parte Application. This

11  suggests that Defendant also believed these deadlines were

12  correct and therefore bears some responsibility for the

13  misunderstanding.

14      **Plaintiff's Cooperation and Diligence**: Despite the

15  misunderstanding, Plaintiff has consistently cooperated with

16  Defendant's discovery requests and has acted diligently to

17  resolve discovery disputes. After submitting the Ex Parte

18  application, Plaintiff immediately prepared a Motion To Compel

19  Discovery due to Defendant's inadequate responses, numerous

20  objections and delays. This demonstrates Plaintiff's active

21  engagement in the discovery process and the necessity of seeking

22  court intervention.

23      **Defendant's Delays:** Defendant requested a 56-day extension

24  for responding to Plaintiff's discovery requests, to which

25  Plaintiff granted a two week extension in good faith, which

26  Defendant agreed to. Despite this, Defendant failed to provide

27

28

1 substantive responses, instead issuing over 500 generic

2 objections.

3    **Efforts to Resolve Disputes**: Plaintiff engaged in multiple

4 meet and confer sessions to address Defendant's objections and to

5 discuss the need for extending discovery deadlines due to

6 Defendant's delays.

7         **III. LEGAL ARGUMENTS**

8    **Good Cause for Ex Parte Application**: Under Federal Rule of

9 Civil Procedure 6(b), extensions may be granted for good cause.

10 Plaintiff demonstrated diligence and faced unforeseen obstacles

11 due to Defendant's non-compliance to discovery requests and

12 premature Motion for Summary Judgement, justifying the need for

13 an extension. The Ninth Circuit recognizes the importance of

14 allowing sufficient time for discovery to ensure a fair trial

15 (Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012)).

16    **Defendant's Lack of Objection to Deadlines**: Defendant's

17 opposition to Plaintiff's Ex Parte application did not raise any

18 objection to the stated deadlines of December 12, 2024, and

19 December 19, 2024. This indicates that Defendant also believed

20 these deadlines were correct, undermining their argument that

21 Plaintiff's application was frivolous or improper. Any

22 misunderstanding about the deadlines was mutual and not solely

23 Plaintiff's responsibility.

24    **Justification for Ex Parte Relief**: Local Rule 7-19 permits

25 Ex Parte applications when there is a risk of irreparable harm or

26 immediate danger. The impending discovery deadlines and

27

28
Plaintiff's Opposition to Defendants Motion Seeking Legal Fees

1  Defendant's lack of cooperation created an urgent need for

2  relief.

3      **Pro Se Litigant Considerations**: As a pro se litigant,

4  Plaintiff is entitled to some leniency in procedural matters

5  (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Plaintiff's

6  actions were reasonable and aimed at ensuring a fair discovery

7  process.

8      **Defendant's Motion for Fees is Unwarranted**: Defendant's

9  request for $1,290 in legal fees is unjustified as Plaintiff's Ex

10 Parte application was a necessary and appropriate response to

11 Defendant's conduct. Awarding fees would penalize Plaintiff for

12 seeking to protect his rights in the face of procedural

13 obstacles.

14              **IV. CONCLUSION**

15     For the reasons stated above, Plaintiff respectfully

16 requests that the Court deny Defendant's motion for legal fees.

17 Plaintiff acted in good faith and with diligence in seeking an

18 extension of discovery deadlines, and Defendant's motion lacks a

19 valid basis. Plaintiff also requests the Court's understanding

20 and leniency as a pro se litigant navigating complex legal

21 procedures.

22 DATED: December 16, 2024
   Kent W. Epperson
23 322 Pebble Beach Drive
   Goleta, CA 93117
24 Email: KentWEpperson@proton.me
   Telephone: 805.895.6589
25 Plaintiff in Pro Se
   Respectfully submitted,  By: _____
26                               Kent W. Epperson

27

28
              5 of 5 | Epperson vs. SBCAG
   Plaintiff's Opposition to Defendants Motion Seeking Legal Fees

## CALIFORNIA STATE COURT PROOF OF SERVICE

Kent W. Epperson v. Santa Barbara County Association of Governments

Case No. 2:23-cv-03039-AB-(JCx)

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I, Kent W. Epperson (PLAINTIFF), declare:
At the time of service, I was over 18 years of age. My residential address is 322 Pebble Beach Drive, Goleta, CA 93117.

On December 16, 2024, I served true copies of the following documents: Plaintiff's Opposition to Defendant's Motion Seeking Legal Fees; I served the document on the following persons at the following addresses:

LEWIS BRISBOIS BISGAARD & SMITH LLP
BRIAN KATOOZI, SB# 321158
E-Mail: Brian.Katoozi@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626

The documents were served by the following means:
(BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule 5-3.2.1 Service, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 16, 2024, at 322 Pebble Beach Drive, Goleta, CA 93117.

Plaintiff in Pro Se,    By: _____

                            Kent W. Epperson